IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELIX RODRIGUEZ,<br><br>Petitioner<br><br>v.<br><br>SUPERINTENDENT EDWARD KLEM, et al.,<br><br>Respondents | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. **4:CV-07-0626**<br><br>(Judge McClure)<br><br>(Magistrate Judge Blewitt) |

**REPORT AND RECOMMENDATION**

**I. Background.**

On April 3, 2007, Petitioner, Felix Rodriguez, an inmate at the State Correctional Institution at Mahanoy, Frackville, Pennsylvania, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges his December 2002 conviction for aggravated assault, escape, flight to avoid apprehension, and resisting arrest in the York County Court of Common Pleas ("CCP"). Petitioner raises the following grounds: (1) Insufficient evidence to sustain the jury's verdict of guilty beyond a reasonable doubt; (2) Excessive sentence based on multiple punishment for the same criminal act; (3) Ineffective assistance of trial counsel; and (4) Actual innocence. (Doc. 1, pp. 6-10).

Before serving the Petition on Respondents and addressing the merits of Petitioner's claims, on April 5, 2007, we directed Petitioner to submit to the Court copies of all of his state court appeals and the state court decisions, opinions and orders regarding both his direct and collateral

appeals, along with the filing dates thereof.[1] (Doc. 3). The Court indicated that it would then determine if the Petitioner's Habeas Petition was timely filed under the AEDPA[2] and if his instant claims were exhausted in the state courts.[3] (Doc. 3). Petitioner failed to file the records as directed in our April 5, 2007 Order. Nor did Petitioner request an extension of time within which to comply with said Order.

As noted, the Third Circuit has allowed the District Court to raise the statute of limitations and exhaustion issues *sua sponte* in a § 2254 habeas proceeding; however, the Petitioner must be afforded notice and an opportunity to argue why he exhausted his state court remedies and why

---

[1]The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief. The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). There are four potential starting points for determining when the statute of limitations begins to run. The applicable period in the instant matter is the date that Petitioner's judgment of conviction became final on or about June 9, 2004, ninety (90) days after the Pennsylvania Superior Court denied his direct appeal (March 9, 2004). (Doc. 1, p. 3 and Doc. 8, p. 2). *Id.*; *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003). Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2); *Merritt, supra*.

[2]The Third Circuit Court of Appeals, in *Holden v. Mechling*, 2005 WL 1219860 (3d Cir.), found that the District Court could *sua sponte* raise the AEDPA's statute of limitations and could summarily dismiss a § 2254 habeas petition as untimely after Petitioner is afforded notice and an opportunity to be heard. *See also U.S. v. Bendolph*, 409 F.3d 155 (3d Cir. 2005). We thus gave Petitioner Rodriguez notice and an opportunity to be heard regarding whether his habeas petition was timely under the AEDPA.

[3]The habeas statute requires a prisoner to exhaust his claims in state court before seeking relief from federal courts. 28 U.S.C. § 2254(b)(1)(A); *see also Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990). It is well settled in the Third Circuit that the Court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and it may do so *sua sponte*. *See Sweger v. Chesney*, 294 F.3d 506, 520-521 (3d Cir. 2002), *cert. denied*, 538 U.S. 1002 (2003).

his petition was timely under the AEDPA. *See Holden v. Mechling*, 2005 WL 1219860 (3d Cir.). We gave Petitioner notice and an opportunity to address the stated issues. We then directed the York County District Attorney, by Order dated May 1, 2007 (Doc. 4), to respond to Petitioner's Habeas Petition regarding only the statute of limitations and exhaustion issues. Specifically, we directed Respondent York County District Attorney ("DA") to respond to the exhaustion and timeliness issues within fifteen (15) days of the date of the stated Order and to submit Petitioner's state court records regarding all of his direct and collateral appeals. (Doc. 4). Petitioner was afforded an opportunity to file a reply.[4]

On June 14, 2007, after being granted an extension of time, Respondent DA filed his Response to the Habeas Petition with respect to only the statute of limitations and exhaustion issues. (Doc. 8). Respondent DA states that Petitioner's Habeas Petition was not barred by the one-year AEDPA SOL and that Petitioner has exhausted all of his state court remedies with respect to his present habeas claims. (Doc. 8, pp. 4-5). Thus, Respondent DA did not submit any of Petitioner's state court records.

On June 5, 2008, Petitioner filed a letter addressed to the Clerk of Court inquiring about the status of his Habeas Petition. (Doc. 9). Upon receipt of Petitioner's letter, this Court realized that the Respondent DA was inadvertently not directed to respond to the merits of Petitioner's habeas claims, which the Court should have ordered in light of Respondent's concession that Petitioner's

[4]The Court noted in its May 1, 2007 Order that Respondent did not have to address the merits of Petitioner's habeas claims in his response, since the Court would first determine if the petition was timely and if exhaustion of state court remedies as to all habeas claims had been accomplished. (Doc. 4).

Habeas Petition was not barred by the one-year AEDPA SOL and that Petitioner has exhausted all of his state court remedies with respect to his present habeas claims.

On June 16, 2008, Respondent DA filed his Response to Petitioner's Habeas Corpus Petition. (Doc. 11). Respondent addressed the merits of Petitioner's four habeas claims. The Respondent DA also attached Exhibits to his June 16, 2008 response. (Doc. 11-2). Petitioner submitted a Traverse supporting his Habeas Petition on June 30, 2008. (Doc. 12). The Habeas Petition is now ripe for disposition.[5]

**II. STATE PROCEDURAL HISTORY.**

On July 12, 2002, a jury in the CCP of York County, Pennsylvania, convicted Petitioner of multiple counts of aggravated assault and one count each of escape, flight to avoid apprehension and resisting arrest, in violation of 18 Pa. C.S.A. §§ 2702(a)(1), (20, (3), (4) and (6), 5121, 5126 and 5104, respectively. (Doc. 11-2, p. 12). The CCP jury also convicted Petitioner of the summary offense of driving while under suspension in violation of 75 Pa. C.S.A. § 1543(a). (*Id*.). On December 9, 2002, the CCP sentenced Petitioner to serve an aggregate sentence of 145 months to 356 months of incarceration. (Doc. 11-2, p. 14).

Petitioner filed a motion to modify his CCP sentence on December 17, 2002. (*Id*.). The CCP conducted a hearing on the motion and did not grant relief. (*Id*.). Petitioner filed a timely notice of appeal with the Superior Court of Pennsylvania. (*Id*.). The Superior Court of Pennsylvania affirmed the Petitioner's judgment of sentence on March 9, 2004. (*Id*.). Petitioner did not file a

[5]The undersigned has been assigned this case to issue a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A).

Petition for Allowance of Appeal with the Pennsylvania Supreme Court, and thus, we find that his judgment of sentence became final on or about June 9, 2004, *i.e.* 90 days after the decision of the Pennsylvania Superior Court denying Petitioner's direct appeal. *See Lawrence v. Florida,* ___ U.S. ___, 127 S.Ct. 1079 (2007).

The Petitioner filed, *pro se*, a timely Petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, *et seq.*, on April 26, 2004, with the CCP. (*Id.*). In his PCRA Petition, Petitioner raised the following six claims of ineffective assistance of trial counsel:

a). trial counsel was ineffective in not requesting severance of Defendant's trial from that of a co-defendant, Manuel Portell;

b). trial counsel was ineffective for not requesting a new trial "based on the use of other crimes evidence;"

c). trial counsel was ineffective for not requesting a new trial for the aggravated assault conviction because sufficient evidence did not exist for a lawful arrest;

d). trial counsel was ineffective for not objecting to the jury instruction on reasonable doubt;

e). trial counsel was ineffective for not requesting that the Escape conviction merge with the Flight conviction;

f). trial counsel was ineffective for not raising all of the forgoing issues.

(Doc. 11-2, pp. 1-2).

On November 18, 2004, following a hearing, the CCP issued an Opinion and Order and denied Petitioner's PCRA Petition and his five claims on their merits. (Doc. 11-2, pp. 1-11).[6]

---

[6]The CCP noted that since Petitioner's sixth PCRA claim was addressed in ruling on Petitioner's first five claims, it was deemed as incorporated into his first five claims. (*Id.*, p. 2, n. 1).

Petitioner, through counsel, filed a timely appeal of the denial of his PCRA Petition to the Pennsylvania Superior Court. (Doc. 11-2, p. 14). The Superior Court of Pennsylvania, in its December 20, 2005 Memorandum, stated that Petitioner contended that the CCP (acting as the PCRA Court) "erred by failing to find all prior counsel ineffective for: (1) failing to request a severance; (2) failing to object to the trial court's charge on reasonable doubt; and (3) failing to challenge the trial court's action in sentencing [Petitioner] to consecutive terms of incarceration for escape and flight to avoid prosecution on the grounds that the two crimes ought to have merged for sentencing purposes." (Doc. 11-2, p. 16). On December 20, 2005, the Superior Court of Pennsylvania affirmed the CCP's dismissal of the Petitioner's PCRA Petition. (Doc. 11-2, pp. 12-20).

The Petitioner filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania with respect to the denial of his PCRA Petition. (Doc. 11-2, p. 21). On August 30, 2006, Petitioner's Petition for Allowance of Appeal to the Supreme Court of Pennsylvania was denied. (*Id.*).

Petitioner then filed the present Petition for Habeas Corpus with this Court on April 3, 2007. (Doc. 1). This Habeas Petition was timely filed within the one-year Anti-Terrorism and Effective Death Penalty Act statute of limitations ("AEDPA SOL"). Respondent DA does not challenge the timeliness of Petitioner's Habeas Petition and concedes that Petitioner has exhausted all state court remedies with respect to his properly stated habeas claims. (Doc. 8).[7]

---

[7]As discussed below, we agree with Respondent DA (Doc. 11, pp. 2-3) that Petitioner's habeas claims that there was insufficient evidence to sustain the jury's verdict of guilty beyond a reasonable doubt, that his sentence was excessive based on multiple punishment for the same

## III. STANDARD OF REVIEW.

The Antiterrorism and Effective Death Penalty Act, enacted on April 24, 1996, revised the standard of review for cases challenging state convictions pursuant to 28 U.S.C. § 2254. *Dickerson v. Vaughn*, 90 F.3d 87, 89 (3d Cir. 1996) *citing* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, Title I, Sec. 104, 110 Stat. 1214 (1996) ("AEDPA"). *See also Knight v. Kelchner*, Civil No. 06-1942, M.D. Pa., 11-9-97 Memorandum (J. Conaboy), p. 14. Section 2254(d), as amended, states as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Melendez v. Kerestes*, 2008 WL 2468608, *3 (E. D. Pa.).

The "contrary to" provision contained in Section (d)(1) is evaluated as follows:

> [T]he inquiry must be whether the Supreme Court has established a rule that determines the outcome of the petition. Accordingly, we adopt O'Brien's holding that 'to obtain relief at this stage, a habeas petitioner must show that Supreme Court precedent requires an outcome contrary to that reached by the relevant state court.' In other words, it is not sufficient for the petitioner to show merely that

---

criminal act and actual innocence, were not properly stated under § 2254(d).

> his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome.

*Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999) referencing *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998).

In *Breighner v. Chesney,* this Court stated the appropriate standard for the "unreasonable application" clause. 301 F. Supp. 2d 354, 357 (M.D. Pa. 2004), *aff'd*., 156 Fed. Appx. 539 (3d Cir. 2005)(Non-Precedential). In *Breighner* the District Court held that under § 2254, a federal court no longer must "accord the 'presumption of correctness' to factual findings of a state court when the state court has previously considered and rejected the Petitioner's claims for relief." The *Breighner* Court held that the "presumption of correctness does not apply in such cases," *i.e*. when federal court reviews a habeas claim that the state court unreasonably applied federal law. *Breighner*, 301 F. Supp. 2d at 357. The *Breighner* Court further held that 28 U.S.C. § 2254"subsections (d)(2) and (e)(1) simply cannot apply to the same case; they are mutually exclusive." 301 F. Supp. 2d at 365. The Court interpreted subsection (e)(1) to be inapplicable to proceedings under subsection (d)(2), and that subsection (e)(1) does not apply to claims under subsection (d)(2). *Id*. at 367-368.

The *Breighner* Court stated that:

> The federal habeas court's analysis under this subsection [(d)(2)] is limited to the record available to the state trial court--and reproduced in federal proceedings by the petitioner or "the State"--and encompasses two questions: (1) whether a factual determination of the state court was "unreasonable" in light of the state record, and (2) whether the state court's decision was "based" on that unreasonable determination. *See* 28 U.S.C. § 2254(d)(2), (f).

*Id*. at 368.

The *Breighner* Court also stated that "a factual determination should be adjudged 'unreasonable' under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record."(citations omitted). *Id*. at 368-369. The Court also stated that '[m]ere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination." (Citations omitted). *Id*.

The Court in *Davenport v. Diguglielmo,* 215 Fed. Appx. 175, 179 (3d Cir. 2007), stated that even if a petitioner can rebut a state court's finding of fact by clear and convincing evidence, habeas relief will only be granted if the state court's factual finding was an "unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d)(2). *See also Campbell v. Vaughn,* 209 F.3d 280, 290 (3d Cir. 2000) (holding habeas relief unwarranted when a trial court credits trial counsel's testimony and discounts the defendant's testimony).

In *Early v. Packer*, 537 U.S. 2 (2002), the Supreme Court indicated that as long as the state court adjudicates a claim substantively rather than procedurally, even if the federal law is not identified as the rule of the decision, it has adjudicated the claim on the merits for purposes of the AEDPA. As mentioned, we find that the above stated three ineffective assistance of trial counsel habeas claims Petitioner raised in his appeal were exhausted and that the Pennsylvania Superior Court adjudicated them on the merits. (Doc. 11-2, pp. 12-20). As for Petitioner 's other habeas

claims, namely, that there was insufficient evidence to sustain the jury's verdict of guilty beyond a reasonable doubt, that his sentence was excessive based on multiple punishment for the same criminal act and actual innocence, we agree with Respondent DA that Petitioner has "fail[ed] to structure [these three] claims for habeas relief within the parameters of §2254(d). With respect to each of these [three] claims for relief, [Petitioner ] neither asserts why the state court adjudication was contrary to or an unreasonable application of, clearly established federal law nor explains how any factual determination made by the state court were unreasonable." (Doc. 11, pp. 2-3). Thus, as Respondent DA contends, due to the substantive deficiency with respect to the three stated remaining habeas claims, "Petitioner fails to allege or establish his entitlement to relief under federal habeas corpus provisions." (*Id.,* p. 3).

Thus, we limit our discussion to Petitioner's stated three ineffective assistance of trial counsel habeas claims on the merits utilizing the above stated standard of review.

As mentioned, the AEDPA affords significant deference to legal conclusions decided by the state court. As the Court stated in *Tenuto v. Patrick*, 2007 WL 1057008, *2-*3 (E.D. Pa. 2007):

> An application for a writ of habeas corpus on behalf of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.
> 28 U.S.C. § 2254(d).

*See also Knight, supra*, p. 15; *Melendez, supra*, at *3.

## IV. DISCUSSION.

### *A. Exhaustion*

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (“AEDPA”), Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996), which modified the procedures for habeas corpus proceedings in federal court. Section 104(1) of the Act mandates that applications by persons in state custody "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the Court of the State" or there is no available state remedy or that process would be ineffective.[8] A habeas corpus petitioner bears the burden of demonstrating that he or she has satisfied the exhaustion requirement. *Gonce v. Redman*, 780 F.2d 333, 335-36 (3d Cir. 1985). The exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." *Hankins v. Fulcomer*, 941 F.2d 246, 249 (3d Cir. 1991); *see also Gibson,* 805 F.2d 135, 138 (3d Cir. 1986).

Exhaustion is not complete unless the trial court, the "intermediate court," and the highest state court, here the Superior and Supreme Courts of Pennsylvania, have been presented with the substance of the Petitioner's federal claim. *Evans v. Court of Common Pleas, Del. County, Pa.*, 959 F.2d 1227, 1230 (3d Cir. 1992). *See Duncan v. Henry*, 115 S.Ct. 887, 888 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

---

[8]We note that a federal court may deny an application on the merits notwithstanding an applicant's failure to exhaust state remedies. *See* 28 U.S.C. §2254(b)(2).

Exhaustion of state remedies is not required if: 1) the state corrective process is "so deficient" that any effort to obtain relief via state proceedings would be futile, *Gibson*, 805 F.2d at 138; 2) the acts of the state authorities have, in effect, made state remedies unavailable to the Petitioner, *Mayberry v. Petsock*, 821 F.2d 179, 184 (3d Cir.), *cert. denied*, 484 U.S. 946 (1987); and 3) there has been such an "inordinate delay" in state procedures that the state process has been rendered ineffective. *Hankins v. Fulcomer*, 941 F.2d 246, 251 (3d Cir. 1991); *Schandelmeier v. Cunningham*, 819 F.2d 52, 54-55 (3d Cir. 1986), *cert. denied*, 480 U.S. 938 (1987).

In the instant matter, as discussed above, Respondent concedes that Petitioner's ineffective assistance of trial counsel habeas claims have been presented to the state's intermediate or highest appellate courts. (Doc. 11). Thus, we find that the Petitioner has exhausted his present ineffective assistance of trial counsel habeas claims.

*B. Habeas Claims*

As mentioned, Petitioner raises the following habeas grounds for relief: evidence was insufficient to sustain the jury's verdict of guilty beyond a reasonable doubt, sentence excessive based on multiple punishment for the same criminal act, ineffective assistance of counsel at trial, and actual innocence. (Doc. 1, pp. 6-10).

We now apply §2254 (d)(2) pursuant to the *Breighner* Court's direction to Petitioner's ineffective assistance of trial counsel habeas claims. We do not utilize the presumption of correctness of § 2254(e)(1) to Petitioner's claims contained in his Habeas Petition, which arise under §2254(d)(2). We find that Petitioner is not entitled to habeas relief under subsection (d)(2) since the state courts' decisions with respect to the following ineffective assistance of trial counsel

claims, namely that counsel was ineffective for failing to request a severance, failing to object to the trial court's charge on reasonable doubt, and failing to challenge the trial court's action in sentencing [Petitioner] to consecutive terms of incarceration for escape and flight to avoid prosecution on the grounds that the two crimes ought to have merged for sentencing purposes (Doc. 11-2, p. 16), were "reasonable both in [their] application of federal law and in [their] determination of factual issues." *Breighner*, 301 F. Supp. 2d at 369.

As stated above, we agree with the Respondent, that the Petitioner's other habeas claims, *i.e.* the evidence was insufficient to sustain the jury's verdict of guilty beyond a reasonable doubt, his sentence excessive based on multiple punishment for the same criminal act, and he is actually innocent, are deficient in substance because Petitioner has failed to structure these claims within the parameters of 28 U.S.C. § 2254 (d). Petitioner does not explain why the state court proceeding was contrary to or an unreasonable application of clearly established federal law with respect to these other claims nor does he explain how any factual determinations made by the state court with respect to these other claims were unreasonable. (Doc. 11, p. 3).

Even if Petitioner's habeas claims that the evidence was insufficient to sustain the jury's verdict of guilty beyond a reasonable doubt, his sentence was excessive based on multiple punishment for the same criminal act, and he is actually innocent were stated properly, substantial evidence existed showing that these claims should fail. The following facts noted by the Superior Court show an overwhelming amount of trial evidence against Petitioner with respect to his claims that the evidence was insufficient to sustain the jury's verdict of guilty beyond a reasonable doubt and actual innocence:

> On April 2, 2002, Deputy Michael Ebersole of the York County Sheriff's Office and his partner, Deputy José Curet, were patrolling in the area of East Poplar and Edgar Streets in York City in their unmarked vehicle when they came across Appellant [Petitioner], whom the Deputies recognized as having outstanding arrest warrants. Appellant was approached by Deputy Ebersole and a foot chase ensued. Deputy Ebersole told Appellant to stop and that he was under arrest. Deputy Curet remained in the patrol vehicle. As Deputy Ebersole pursued Appellant down an alleyway, a vehicle driven by Manuel Portell approached from the opposite direction and struck Deputy Ebersole causing the Deputy to flip over the hood of the vehicle onto the roof and slide off the back of the vehicle. As the Deputy was sliding from the car, he reached for Appellant who was attempting to gain entry into the driver's side door of the vehicle. Deputy Ebersole had hold of Appellant's sweat shirt or "hoodie" when Appellant closed the driver's side door. The Deputy's thumb and coat sleeve became lodged between the top part of the door frame and the car. Deputy Ebersole could not keep pace with the vehicle and was [dragged] up the alleyway with his hand and coat sleeve stuck between the door frame and the car. Appellant attempted to turn the vehicle left, but was unable to negotiate the turn. Appellant repetitiously drove the vehicle in a forward and reverse motion in an attempt to make the turn. While doing so he impacted with a garage (or some stationary object) to the rear of the vehicle. At that point Deputies Nathaniel Behrendt and Barry Dedrick arrived at the scene and pulled their vehicle into the subject alleyway where Deputy Ebersole was engaged with Appellant and Mr. Portell. During the incident, Deputy Ebersole told Appellant again to stop, that he is under arrest and that he is caught. Appellant responded by repeatedly stating, "F... you." Appellant then again put the car in reverse. In an attempt to save himself, Deputy Ebersole started hitting Appellant and Mr. Portell through the vehicle's open window. Appellant drove the vehicle forward pinning Deputy Ebersole between the car and a telephone pole. At that point Deputy Ebersole was dislodged from the vehicle and [was] laying [sic] in the alleyway. Mr. Portell exited the vehicle and ran. Deputies Behrendt and Dedrick approached and entered the vehicle in an attempt to extract Appellant therefrom. A short struggle ensued between the Deputies and Appellant.

(Doc. 11-2, pp. 12-13).

The Petitioner has failed to establish that the evidence was insufficient to sustain the jury's verdict of guilty beyond a reasonable doubt, and he has failed to show that there is clear and convincing evidence that he is actually innocent of his convicted offenses.

In his Habeas Petition, Petitioner claims that the evidence was insufficient to sustain the jury's verdict of guilty beyond a reasonable doubt. (Doc. 1, p. 6). Petitioner specifically claims that Dr. Dawson testified that the primary treatment given to Deputy Ebersole was fluid treatment and he only sustained a mild sprain to the left ankle with no evidence of a disc injury. (Doc. 1, p. 6). Petitioner also claims in his Habeas Petition that he is actually innocent and the conviction of an innocent person is a miscarriage of justice. (Doc. 1, p. 10). The Respondent DA contends that these claims by the Petitioner are deficient in substance. (Doc. 11, pp. 2-3). Respondent DA argues that Petitioner has failed to structure these claims for habeas relief within the parameters of 28 U.S.C. § 2254 (d) because he does not assert why the state court proceeding was contrary to or an unreasonable application of clearly established federal law and also does not explain how any factual determinations made by the state court were unreasonable. (Doc. 11, p. 3). As discussed, we agree with Respondent DA that Petitioner has not structured these claims properly and substantial evidence supports the failure of these claims.

Petitioner also claims that his sentence was excessive and based on multiple punishment for the same criminal act. (Doc. 1, p. 7). Petitioner argues that the CCP imposed an illegal sentence on him by sentencing him for flight to avoid apprehension consecutive to the term for escape, where the facts for each charge were identical. (Doc. 1, p. 7). Respondent DA also responds to this claim by arguing that it is not structured properly like the other two previously mentioned

claims. (Doc. 11, pp. 2-3).

Petitioner further asserts the stated claim (Doc. 1, p. 7) by arguing that his trial counsel was ineffective for not requesting a merger of his convictions for Escape and Flight to Avoid Apprehension for sentencing purposes. (Doc. 11-2, p. 8). This claim will be discussed as one of Petitioner's ineffective trial counsel claims because of the nature of its assertion. The ineffective counsel claim mentioned is also asserted by the Petitioner in his Habeas Petition. (Doc. 1, p. 9). Petitioner claims that counsel failed to request severance where it was appropriate and should have objected to the "reasonable doubt" jury instruction. (Doc. 1, p. 9).

*Strickland v. Washington* lays out a two-part test to determine whether trial counsel was ineffective. 466 U.S. 668, 687 (1984); *Knight, supra*, p. 52; *Melendez, supra* at *3 -*4. First, the Petitioner must show that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Lanfranco v. Murray*, 313 F.3d 112, 118 (2d Cir.2002); *Melendez, supra* at *3 -*4. In order to prove that trial counsel was deficient, the Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." *Strickland*, 104 S.Ct. at 2064. Furthermore, the court must be highly deferential in favor of trial counsel when evaluating counsel's performance. *Id*.; *Melendez, supra* at*4. "It is well established that counsel cannot be ineffective for failing to raise a meritless claim." *Melendez, supra* at *4(citations omitted).

The second prong of the *Strickland* test requires the "defendant to show that the deficient performance prejudiced the defense" so much so that the defendant was deprived of a fair trial. *Id*. Furthermore, a person claiming ineffective counsel has the burden of proving that he or she was

prejudiced by the deficient performance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-477 (2000); *Melendez, supra* at *4. Prejudice can be demonstrated by a showing that attorney error actually had an adverse effect on the defendant's case.[9] *See also Tenuto v. Patrick*, 2007 WL 1057008, at *3-*4; *Knight, supra*, p. 52.

The Petitioner requests habeas relief based on ineffective assistance of his trial counsel, and such claims, as stated, are reviewed under *Strickland*. In *Everett v. Beard*, 290 F.3d 500, 508-509 (3d Cir. 2002), the Third Circuit discussed this standard and stated as follows:

> Applying *Strickland*, this Court recently has held that in order to establish a claim of ineffective assistance counsel, the petitioner must establish both that his counsel's performance was deficient and that the deficient performance prejudiced his trial to the extent that it undermined confidence in the trial's outcome. The standard by which we judge deficient performance is an objective standard of reasonableness, viewed to the extent possible from the attorney's perspective at the time, without "the distorting effects of hindsight." *Duncan v. Morton*, 256 F.3d 189, 200 (3d Cir. 2001) (citing and quoting *Strickland*, 466 U.S. at 687-90, 104 S.Ct. 2052). To demonstrate prejudice, the habeas petitioner must show a "reasonable probability that, but for [his] counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.
>
> In addressing the reasonableness of an attorney's representation, reviewing courts must be deferential in their scrutiny and scrupulously avoid the distortions of hindsight by viewing performance from counsel's perspective at the time. *Id.* at 689-90, 104 S.Ct. 2052. Furthermore, claimants must identify specific errors by counsel, and the court must indulge a strong presumption

[9] In *Reinert v. Larkins*, the Court stated that, "[i]n order to successfully to claim ineffective assistance of counsel, [the Petitioner] must establish both that his attorney's performance was objectively unreasonable and that, but for the deficient performance, there would have been a reasonable probability of a different outcome." 379 F.3d 76, 94-95(3d Cir. 2004)(quoting *Strickland*, 466 U.S. 668 (1984).).

that counsel's conduct was reasonable. *Id.* at 690, 104 S.Ct. 2052.

As mentioned above, the Petitioner first claims that he was denied effective assistance of counsel because his trial counsel failed to request severance from his co-defendant being tried in the same proceeding. (Doc. 1, p. 9).

This ineffective assistance of counsel claim fails because the Petitioner has not established that his counsel's performance was deficient and that the deficient performance prejudiced his trial to the extent that it undermined confidence in the trial's outcome. Petitioner does not show how his trial counsel's performance, in not asserting a severance motion, was deficient, and how this alleged deficiency undermined the trial's outcome.

As Respondent states (Doc. 11, p. 4), the Commonwealth maintained that the charges against Petitioner and his co-defendant (Portell) arose from the same incident, the same witnesses were involved, and the same evidence would be presented at each trial. Respondent also stresses that the consolidation of cases is proper unless defenses presented by the defendants are "irreconcilable and exclusive." (Doc. 11, p. 4). *See Commonwealth v. Presbury,* 665 A.2d 825, 828 (Pa. Super. Ct. 1995). *See also Commonwealth v. Bennie,* 508 A.2d 1211, 1215 (Pa. Super. Ct. 1986). The PCRA Court found that the charges against Petitioner and his co-defendant arose from the same incident, the witnesses were the same, the defenses were not antagonistic, and the evidence related to the same incident. (Doc. 11-2, p. 5). Therefore, the PCRA Court found that judicial economy outweighed any possible prejudice to Petitioner and counsel's decision to not file a severance motion was reasonable and fully supported by case authority. (Doc. 11-2, p. 5).

Furthermore, the Superior Court affirmed the PCRA Court's decision finding that trial

counsel was not ineffective for failing to file a severance motion. (Doc. 11-2, pp. 12-20). The Superior Court stated:

> In *Commonwealth v. McGill,* 832 A.2d 1014 (Pa. 2003), our Supreme Court established the standard for properly raising "layered" claims of ineffective assistance of counsel under the PCRA. To challenge the effectiveness of trial and appellate counsel, the PCRA petitioner must: (1) plead, in his PCRA petition, that appellate counsel was ineffective for failing to allege that trial counsel was ineffective for taking or omitting some action; and (2) present argument on each prong of the *Pierce* test as to appellate counsel's representation. *Commonwealth v. Speight,* 854 A.2d 450, 457 (Pa. 2004). If the petitioner takes these steps, then his layered ineffectiveness claim has been preserved for review pursuant to *McGill*. *Id.*
>
> If the petitioner has pled, presented, and proved his layered claim of trial counsel ineffectiveness, a remand is warranted to give the petitioner an opportunity to correct any errors with regard to the pleading and presentation of his claim of appellate counsel ineffectiveness. *Id.* at 532, 854 A.2d at 457. However, there is no need for a remand if the appellant has failed to meet his burden in relation to the underlying claim of trial counsel's ineffectiveness. *Id.* at 532-33, 854 A.2d at 457. This is so because the appellant would never be able to establish the arguable merit prong of appellate counsel's ineffectiveness. *Id.* at 533, 854 A.2d at 457.
>
> At least arguably Appellant has satisfied the requirements of *McGill*. We therefore may address Appellant's claims. We have carefully considered Appellant's arguments and the Commonwealth's response in conjunction with our scrutiny of the certified record. We find that the PCRA court's opinion demonstrates that the PCRA judge was well aware of the proper legal standards and has applied them to the facts of this case. Because we agree with the PCRA court's disposition and rationale, we affirm on that basis.

(Doc. 11-2, pp. 18-19).

We find, as did the Superior Court, that the Petitioner failed to show ineffectiveness of his trial counsel for not filing a severance motion. As discussed, we find that the *Strickland* test for ineffective assistance of counsel is not met, and that Petitioner's first ineffective assistance of trial claim is without merit.

The Petitioner next claims that he was denied effective assistance of counsel when his trial counsel failed to object to the reasonable doubt jury instruction. (Doc. 1, p. 9). Again, this ineffective assistance of counsel claim fails because the Petitioner has not established that his counsel's performance was deficient, in not objecting to the reasonable doubt jury instruction, and that the deficient performance prejudiced his trial to the extent that it undermined confidence in the trial's outcome.

Respondent DA argues that a trial court can phrase its instructions as it chooses, provided the law is clearly, adequately, and accurately presented to the jury. (Doc. 11, p. 5). *Commonwealth v. Bullock,* 868 A.2d 516, 525 (Pa. Super. Ct. 2005). Respondent DA also states that the trial court's instruction as a whole, clearly and adequately presented the concept of reasonable doubt to the jury. (Doc. 11, p. 5). The PCRA Court noted that Petitioner's trial counsel did not raise an objection to the Court's instruction on reasonable doubt because the instruction was standard and sufficiently advised the jury as to the meaning of the term. (Doc. 11-2, p. 7). Furthermore, the PCRA Court noted that the trial court referred to "either defendant" so as to instruct the jury once, rather than twice, so as to include each co-defendant. (Doc. 11-2, p. 8). The Superior Court affirmed the PCRA Court's decision finding that trial counsel was not ineffective based on his failure to object to the reasonable doubt jury instruction. (Doc. 11-2, pp. 12-20). We find again, as did the Superior Court, that the Petitioner failed to show ineffectiveness of counsel for failure to object to the reasonable doubt jury instruction. We find that the conduct of Petitioner's trial counsel in failing to object to the reasonable doubt jury instruction cannot "be considered to fall below an objective standard of reasonableness." *Melendez, supra* at * 5. Thus,

Petitioner's second ineffectiveness of counsel claim is without merit.

Petitioner's final claim is that counsel was ineffective for not requesting a merger of his convictions for Escape and Flight to Avoid Apprehension for sentencing purposes. (Doc. 11-2, p. 8). As stated above, we consider this ineffective trial counsel claim in conjunction with Petitioner's claim that his sentence was illegal. (Doc. 1, p. 7). Respondent DA argues that according to *Commonwealth v. Gatling,* 807 A.2d 890, 899 (Pa. 2002):

> In order for two convictions to merge; (1) the crimes must be greater and lesser-included offenses; and (2) the crimes charged must be based on the same facts. If the crimes are greater and lesser-included offenses and are based on the same facts, the court should merge the convictions for sentence; if either prong is not met, however, merger is inappropriate.
> *Id.* at 48, 807 A.2d at 899.

(Doc. 11, p. 6).

Respondent DA asserts that the crimes of Escape and Flight to Avoid Apprehension do not constitute greater-and-lesser included offenses for sentencing purposes. (Doc. 11, p. 6). The PCRA Court stated that Escape and Flight are separate and distinct crimes with differing elements and therefore the offenses do not merge. (Doc. 11-2, p. 9).

The Superior Court affirmed the PCRA Court's decision finding that trial counsel was not ineffective based on his failure to request a merger of Petitioner's convictions for Escape and Flight to Avoid Apprehension for sentencing purposes. (Doc. 11-2, pp. 12-20). We find again, as did the Superior Court, that the Petitioner failed to show ineffectiveness of counsel for failure to request a merger of Petitioner's convictions since Escape and Flight are separate and distinct crimes with differing elements and therefore the offenses could not merge. As stated, counsel cannot be held to be ineffective for not rasing a meritless claim. *Melendez, supra* at *4. Thus, we find

Petitioner's final ineffectiveness of counsel claim to be without merit.

We find, as did the Superior Court, that Petitioner has not met the *Strickland* test for ineffective assistance of counsel, and, therefore, his present habeas claims are without merit. As discussed above, the record demonstrates that it was reasonable for trial counsel to not file a severance motion. Also, it was reasonable for trial counsel to not object to the standard reasonable doubt instruction that was read to the jury, and not to request a merger of two of Petitioner's offenses for sentencing purposes.

We find that all of the Petitioner's ineffective assistance of counsel claims are without merit. Thus, we will recommend that the Petitioner's request for habeas relief on these claims be denied.

**V. RECOMMENDATION.**

Based on the foregoing, we find no merit to the Petitioner's exhausted claims contained in his Habeas Corpus Petition. (Doc. 1). Therefore, we recommend that the Petitioner's Habeas Corpus Petition be **DENIED**.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: July 30, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELIX RODRIGUEZ, | : | CIVIL ACTION NO. **4:CV-07-0626** |
| | : | |
| Petitioner | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SUPERINTENDENT EDWARD KLEM, | : | |
| et al., | : | |
| | : | |
| Respondents | : | |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 30, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: July 30, 2008**