IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELIX RODRIGUEZ, | : | |
| | : | Case No. 4:CV-07-0626 |
| Petitioner | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| SUPERINTENDENT EDWARD | : | (Magistrate Judge Blewitt) |
| KLEM, et a l, | : | |
| | : | |
| Respondents. | : | |

**O R D E R**

October 15, 2008

**BACKGROUND:**

On April 3, 200, petitioner Felix Rodriguez filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondents are Superintendent Edward Klem, Pennsylvania Attorney General, Hugh Stanley Rebert (the D.A. of York County), and York County District Attorney generally. Rodriguez challenges his December 2002 conviction for aggravated assault, escape, flight to avoid apprehension, and resisting arrest. He raises the following four grounds: (1) insufficient evidence to sustain the jury's verdict of guilty beyond a reasonable doubt; (2) excessive sentence based on multiple punishment for the same criminal act; (3) ineffective assistance of trial counsel; and (4) actual

innocence. (Rec. Doc. No. 1.) Rodriguez's petition indicates that he directly appealed ground one, and he raised grounds two and three through post-conviction proceedings. (Id.) Rodriguez asserts that he has not previously raised ground four because Pennsylvania does not recognize a claim for actual innocence. (Id.)

Respondent York County D.A. filed a response to the petition on June 16, 2008. (Rec. Doc. No. 11.) Rodriguez filed his traverse June 30, 2008. (Rec. Doc. No. 12.) On July 30, 2008, Magistrate Judge Blewitt filed a twenty-four-page report and recommendation, recommending that the habeas corpus petition be denied. (Rec. Doc. No. 13.) Rodriguez filed a motion for extension of time to file objections to the report and recommendation on August 7, 2008. (Rec. Doc. No. 14.) That same day, we granted the motion, and gave Rodriguez until September 18, 2008 to file his objections. (Rec. Doc. No. 15.) Rodriguez filed objections on September 23, 2008. (Rec. Doc. No. 16) Because we recognize there can be a delay with prison mail, and because the objections were only three business days late, we will excuse the late filing of the objections and deem them timely. Thus, the matter is ripe for disposition.

Now, for the following reasons the court will adopt the magistrate judge's report and recommendation so far as it is consistent with this opinion and will dismiss the petition.

**DISCUSSION:**

A district court reviews <u>de novo</u> those portions of a magistrate judge's report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." <u>Id.</u>

To challenge his state conviction, petitioner brings a claim pursuant to 28 U.S.C. § 2254(d), which states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For the decision to be 'contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States' within the meaning of the statute, it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome. <u>Matteo v. Superintendent, SCI Albion</u>, 171 F.3d 877, 888 (3d Cir. 1999.)

The federal habeas court's analysis under subsection (d)(2) encompasses two questions: (1) whether a factual determination of the state court was "unreasonable" in light of the state record, and (2) whether the state court's decision was "based" on that unreasonable determination. Breighner v. Chesney, 301 F. Supp. 2d 354, 357 (M.D. Pa. 2004), aff'd., 156 Fed. Appx. 539 (3d Cir. 2005)(Non-Precedential). A factual determination should be adjudged unreasonable under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. Id. Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. Id.

The seminal case used to determine whether trial counsel was ineffective is Strickland v. Washington. 466 U.S. 668 (1984). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Id. Strickland establishes a two-part test. Id. A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant". Roe v. Flores-Ortega,

528 U.S. 470, 478 (2000) (applying Strickland to a 28 U.S.C. § 2254 habeas petition alleging constitutionally ineffective assistance of counsel). Courts must judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential. Id.

We presume prejudice only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance. Burger v. Kemp, 483 U.S. 776, 784 (1987). In many cases, a common defense gives strength against a common attack. Id. We generally presume that the lawyer is fully conscious of the overarching duty of complete loyalty to his or her client. Id. Counsel may be ineffective for failing to object to or to propose jury instructions. Everett v. Beard, 290 F.3d 500, 515 (3d Cir. 2002).

To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Bousley v. U.S., 523 U.S. 614, 623 (1998). It is important to note in this regard that "actual innocence" means factual innocence, not mere legal insufficiency. Id.

1. Petitioner's First Ground for Relief: Evidence was Insufficient to Sustain the Jury's Verdict of Guilty Beyond a Reasonable Doubt

Petitioner supports the first ground for relief by asserting the following:

> Dr. Dawson testified that the primary type of treatment given to Deputy Ebersole was fluid treatment. He stated that there was no evidence of a disc injury only a minor sprain to the left ankle. The PA Superior Court agreed with the trial court's conclusion that there was insufficient evidence to establish the serious bodily injury element necessary for conviction.

The Magistrate Judge agreed with Respondent DA and found that petitioner failed to structure his claim for relief within the parameters of § 2254(d). Petitioner did not assert why the state court adjudication was contrary to, or an unreasonable application of, clearly established federal law, nor did he explain how any factual determination made by the state court was unreasonable. In his brief opposing the Report and Recommendation, petitioner argues that no reasonable juror could have found guilt beyond a reasonable doubt.

Taking the petitioner's opposing brief in conjunction with his habeas corpus petition, we find, contrary to the magistrate judge, that petitioner does assert a claim within the parameters of § 2254(d). He is asserting that no reasonable juror could have found him guilty of aggravated assault because the assault victim received fluid treatment as the primary treatment for his injuries. Petitioner's claim is structured within the parameters of § 2254(d) because he is asserting that the

factual determination made by the state court is unreasonable[1] based on the evidence presented on the victim's injuries.

However, what petitioner fails to understand is that Aggravated Assault, as defined by 18 Pa.C.S. § 2702(a) is an "attempt[] to cause serious bodily injury." The crime is not defined by the resulting treatment for injury. The facts show an overwhelming amount of trial evidence against petitioner. The magistrate judge laid out the facts in detail in his Report and Recommendation. (Rec. Doc. No. 13, at 14.) The salient facts are that the victim's hand and coat sleeve were trapped in petitioner's car door when petitioner shut the door. Petitioner repetitiously drove the vehicle back and forth, pulling the victim, and eventually drove the car into a telephone pole, pinning the victim there until he dislodged himself.  We believe there is sufficient evidence for a reasonable jury to find beyond a reasonable doubt that petitioner attempted to cause serious bodily injury to the victim. The state court's affirmation of the conviction based on the evidence was reasonable in light of the record. See Breighner, 301 F. Supp. 2d at 357.  Because we believe the state court's determination was reasonable based on the evidentiary record, we do not

---

[1]Petitioner's opposing brief states that the decision is 'contrary to' federal law, a § 2254(d)(1) claim. But interpreting his argument that there was insufficient evidence to establish serious bodily injury, what petitioner is actually trying to argue is 'unreasonable determination of the facts in light of the evidence, pursuant to § 2254(d)(2).

need to reach <u>Breighner's</u> second inquiry - whether the state court decision was "based on" an unreasonable determination of the facts. <u>See</u> <u>id</u>.  Thus, petitioner's first claim for relief should be denied.

2.  Petitioner's Second Ground for Relief: Sentence Excessive Based on Multiple Punishment for the Same Criminal Act

>Petitioner supports the second ground for relief by asserting the following:

>The trial court imposed an illegal sentence when it was [sic] the sentence for flight to avoid apprehension consecutive to the term for escape, where the facts for each charge were identical.  The PA Superior Court agreed with the PCRA court's disposition and rationale that escape and flight do not merge where both part of single act.

>To start, Respondent DA and the Magistrate Judge are correct in asserting that the petitioner did not structure his claim within the parameters of § 2254(d). Petitioner does not argue that the conviction for two crimes that did not merge is 'contrary to' Federal law, an 'unreasonable application' of Federal law, or a decision that was based on an 'unreasonable determination of the facts in light of the evidence.' <u>See</u> § 2254(d).  Nor do petitioner's objections elaborate on how the lack of merger of the two claims is 'contrary to' Federal law, presents an 'unreasonable application' of Federal law, or is an 'unreasonable determination of the facts in light of the evidence.'  Thus, petitioner's second claim for relief should be denied.

3. Petitioner's Third Ground for Relief: Ineffective Assistance of Counsel at Trial

Petitioner supports the third ground for relief by asserting the following:

Counsel failed to request severance where DA and [illegible word] defendant argued petitioner caused injuries, and should have objected to "reasonable doubt" instruction where words "other defendant" and "each of these defendants" were substituted for "he" and "him." The PA Superior Court affirmed challenges.

Petitioner argues counsel was ineffective for two reasons[2], failing to request a severance, and failing to object to the "reasonable doubt" portion of the jury instructions. We will take each argument in turn.

Petitioner's first claim is that counsel was ineffective for failing to request a severance from codefendant's trial.  First petitioner must show that (1) that counsel's representation "fell below an objective standard of reasonableness.  Roe v., 528 U.S. at 478.  Petitioner's only explanation in his petition is that counsel failed to request a severance, but did not elaborate further why it was unreaosnable for counsel to fail to do so.  The magistrate judge agreed with the respondent DA and the Pennsylvania Superior Court that petitioner failed to show ineffectiveness

---

[2]The magistrate judge found petitioner made three arguments for ineffective assistance of counsel; the third argument being his claim of an excessive sentence. Since petitioner states this as his second ground for relief, and doesn't in that claim argue counsel was ineffective, we don't see why this should be treated as a  third ineffective assistance of counsel claim and addressed twice.  Since petitioner treated it as a claim that the sentence itself is unconstitutional, and not a claim that counsel was ineffective, we treat it as the petitioner did, not as the magistrate judge did.

9

of his trial counsel for failing to request a severance, because the charges arose from the same incident, the same witnesses were involved, and the same evidence would be presented at trial.

Petitioner argues, based on a ninth circuit case, that denial of severance was abuse of discretion because acceptance of one codefendant's defense precluded acquittal of the other codefendant. (Rec. Doc. No. 16 at 2.) Petitioner asserts that codefendant's counsel argued that the victim's injuries were caused by petitioner. Unfortunately, neither petitioner nor respondent DA included any of the record in this case. The magistrate judge did cite to the Pennsylvania Superior Court's findings of fact in detail. (Rec. Doc. No. 13 at 14.) In short, petitioner shut the driver's side door, with the victim, a Deputy with the York County Sheriff's Office, stuck in the door, and repeatedly drove back and forth with the deputy in the car, finally pinning the deputy against a telephone pole. This was witnessed by two other deputies from the York County Sheriff's office. Based on the overwhelming amount of evidence against petitioner, that petitioner was driving the car pulling the deputy along and finally pinning him against a telephone pole, it was not objectively unreasonable for counsel to not request a severance. Because we find that petitioner did not prove the first prong of Strickland, we need not reach the second.

But this does not end our inquiry. Petitioner also argues that counsel was ineffective for failing to object to the "reasonable doubt" jury instructions. It seems from the petition, that the instructions were given in the plural regarding the defendants, rather than in the singular regarding each defendant. According to the magistrate judge, the trial court read the standard reasonable doubt instruction to the jury. (Rec. Doc. No. 13 at 22.) In response, petitioner cites <u>Cage v. Louisiana</u>, which holds that a jury instruction using the phrases "grave uncertainty" and "moral certainty" is contrary to the "beyond a reasonable doubt" requirement. 498 U.S. 39, 40 (1990). But petitioner does not argue that the trial court used phrases other than reasonable doubt. Actually, petitioner himself titles the instructions "reasonable doubt" several times. (Rec. Doc. Nos. 1, 12, and 16.) In examining the first prong of <u>Strickland</u>, again petitioner does not argue how counsel's failure to object to the use of plurals to refer to the codefendants in a joint trial when giving a reasonable doubt instruction, is objectively unreasonable. The reasonable doubt instruction applies to both defendants on all charges. Thus, petitioner fails to satisfy the first prong of Strickland regarding counsel's failure to object to the jury instructions.

Thus, petitioner's ineffective assistance of counsel claim will be denied.

4. Petitioner's Fourth Ground for Relief: Actual Innocence Conviction of Innocent

Person is Miscarriage of Justice

Petitioner supports the fourth ground for relief by asserting the following:

Petitioner has asserted that he is actually innocent of the crimes for which he was convicted. The constitutional [illegible word] demonstrated in the previous claims are sufficient to call into question petitioner's criminal conviction.

To start, construing the petition liberally along with petitioner's objections, we find, contrary to the findings of respondent DA and the magistrate judge, that petitioner does structure his claim within the parameters of § 2254. Petitioner is arguing that clearly established Federal law would find him to be actually innocent. However, petitioner is misguided in his claim.

To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Bousley, 523 U.S. at 623. Given our extensive explanation regarding petitioner's first ground for relief, we see no reason to rehash it here. There was overwhelming evidence for the jury to find petitioner guilty. Furthermore, petitioner offers no new evidence, not available at the time of trial, to establish his innocence. Thus, for the same reasons we will dismiss ground one, we will dismiss petitioner's ground four.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge Blewitt's Report and Recommendation is adopted so far as it is consistent with this opinion. (Rec. Doc. No. 13.)

2. The petition is dismissed. (Rec. Doc. No. 1.)

3. The clerk is directed to close the case file.

<u>s/James F. McClure, Jr.</u>
James F. McClure, Jr.
United States District Judge